# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| AMERRA PORTEE,<br><br>          Plaintiff,<br><br>     v.<br><br><br>MR. FERNANDO, OWNER OF<br>LITTLE CAESARS;<br>MR. DARRYL, MANAGER OF<br>LITTLE CEASARS<br><br>          Defendants. | **No. CV-26-14-GF-JTJ**<br><br><br><br>**ORDER** |

Plaintiff Amerra Portee ("Portee"), appearing pro se, filed a Complaint (Doc. 2) alleging constitutional claims against Defendants, Mr. Fernando, owner of Little Caesars and Mr. Darryl, Manager of Little Caesars ("Defendants"). Portee alleged that between July 6, 2023, and January 6, 2025, Defendants failed to pay her the $14 an hour wage Defendants promised to pay Portee and instead only paid her $13 an hour. (*Id.* at pp. 5-6). Portee contends that this conduct violated her constitutional rights under the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (*Id.*). Portee also asserted a violation of equal protection under the United States Constitution. (*Id.*). Portee sought leave of the Court to proceed in forma pauperis. (Doc. 1).

1

Upon review of the financial affidavit Portee filed in support of her motion to proceed in forma pauperis, United States Magistrate Judge John Johnston granted her motion. (Doc. 5, p. 2).  Magistrate Johnston further conducted a screening analysis of Portee's Complaint to determine whether it was frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915(e)(2)(B). (*Id*., pp. 2-4).

Magistrate Johnston determined that Portee's Complaint failed to state a plausible claim for relief, finding that it contained no allegations suggesting Defendants are state actors or acted under the color of state law.  (*Id*., pp. 3-4). Therefore, because the Eighth, Thirteenth and Fourteen Amendments, including the Fourteenth Amendment's Equal Protection clause, apply only to state action, Magistrate Johnston dismissed Portee's Complaint, but granted her until March 30, 2026, to amend her Complaint to cure her pleading deficiencies. (*Id*., p. 5).

Portee filed an Amended Complaint on March 30, 2026. (Doc. 11). Portee's Amended Complaint makes the same contentions as her original Complaint but seeks a remedy only under the Fourteenth Amendment's Equal Protection clause. (*Id*., p. 4). Portee's Amended Complaint contains no allegations suggesting Defendants are state actors or acted under the color of state law.  The Fourteenth Amendment's Equal Protection clause applies only to state action. Portee's Amended Complaint does not cure the pleading deficiency of her original Complaint.

2

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Portee's Complaint is dismissed for failure to state a claim pursuant to 29 U.S.C. § 1915(e)(2)(B).

2.  The dismissal is without leave to amend.

3.   The Clerk of Court is directed to close this case.

DATED this 21st day of April 2026.

_____
Brian Morris, Chief District Judge
United States District Court